{¶ 108} As I would affirm the decision of the trial court in this matter, I must respectfully dissent.
{¶ 109} The majority remands this case to the trial court with instructions that the court "address the issue" of whether the Truth in Lending Act applies. The trial court already has extensively addressed this issue and determined that TILA regulations were, in fact, not applicable to this transaction. Specifically, the magistrate stated in her opinion:
 {¶ 110} The Truth in Lending Law (sic) TILA in pertinent part defines a "creditor" as a person who both (1) regularly extends consumer credit which is payable in more than four installments or for which payment of a finance charge may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is payable. 15 U.S.C. § 1602(f). "Credit" is defined as the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment. 15 U.S.C. § 1602(e). In the present case, Plaintiff extended credit to the Defendant in the amount of $671.25, which would have been payable in four installments. Therefore, TILA does not apply to the transaction in the present case and Defendant is not entitled to prevail on her counterclaim for damages under this statute. (Emphasis added.)
{¶ 111} The trial court subsequently overruled the appellant's objections and adopted the magistrate's opinion in its entirety.
{¶ 112} The trial court properly concluded, pursuant to the competent and credible evidence adduced at the hearing conducted by the magistrate, that the appellant failed to meet the requisite burden of proof to be entitled to recovery under TILA.[10] The majority now instructs the trial court to assume the role of independent fact finder and to conduct a wide-ranging inquiry into matters not pled or introduced into evidence. I believe that such an approach exceeds this court's proper scope of review.
{¶ 113} I also take issue with this court's instructions to the trial court to "readdress the issue of attorney fees as mandated in (sic)15 U.S.C. § 1640(a)(3)." Once again, this issue was thoroughly addressed in the opinion of the magistrate. The appellant's attorney's request for legal fees in the amount of $7,706.50 for representation in a matter involving such a small amount in controversy and for a trial lasting no more than two hours was on its face unreasonable. The magistrate's opinion properly referenced DR 2-106 which states that factors to be considered as guides in determining the reasonableness of a fee include "the fee customarily charged in the locality for similar legal services" and "the amount involved and the results obtained." See DR 2-106(B)(3)(4). 15 U.S.C. § 1640(a)(3) adds nothing to this analysis as it merely states that a prevailing party is entitled to "areasonable attorney's fee as determined by the court." (Emphasis added.)
{¶ 114} When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), we must determine whether the trial court abused its discretion in adopting the decision. In re:Gibbs (Mar. 13, 1998), Lake App. No. 97-L-067. As I do not believe that the trial court abused its discretion in its resolution of the instant matter, I dissent.
[10] Despite the majority's assertion that the trial court failed to address the appellant's dubious contention that the "unexplained charge" of $19.00 was actually a "hidden" finance charge, this argument was raised by the appellant at the trial court level repeatedly and rejected by the court. To state that the failure of the magistrate to specifically address this one issue in her opinion, after she correctly cited to the controlling standard including the pertinent language concerning the payment of a finance charge, constitutes a "mistake of law" is yet another example of the majority's misapprehension of this court's "abuse of discretion" standard of review. Furthermore, the magistrate's opinion specifically found that the appellant was charged $19.00 excess in the filing fee and that the same was a violation of the Consumer Sales Practices Act. The magistrate's failure to further find that the same $19.00 surplus also constituted a hidden finance charge is hardly a significant misinterpretation of the law which directly affects the outcome of the case as stated by the majority.